## State National Bank of Fort Worth v Thomas Manufacturing Company.

### Delivered November 13, 1897.

**Banks—Collections.**

A bank receiving notes for collection is responsible for all subsequent agents employed in their collection.

Appeal from Tarrant. Tried below before Hon. Irby Dunklin.

*Humphreys & McLean,* for appellant.—The bank is not liable. Bank v. Triplett, 1 Pet., 25; Britton v. Nichols, 104 U. S., 757; Fabens v. Bank, 23 Pick., 330; Bank v. Bank, 1 Cush., 177; Lawrence v. Bank, 6 Conn., 521; Bank v. Scovill, 12 Conn., 303; Bank v. Ober, 31 Kan., 599; Ins. Co. v. Bank, 25 Ill., 434; Guelick v. Bank, 56 Iowa, 434; Bank v.

Howell, 8 Md., 530; Bowling v. Arthur, 14 Miss., 41; Daly v. Bank, 56 Mo., 94; Stacy v. Bank, 2 Wis., 629; Hyde v. Bank, 17 La., 560; Bank v. Bank, 8 Baxter (Tenn.), 101; Bank v. Goodman, 109 Pa. St., 422; 1 Morse on Banks, secs. 236, 274, 275, 280; Mech. on Agency, sec. 514; Story on Agency, secs. 217, 313.

*Pruit & Smith,* for appellee.—The bank is liable. Bank v. Bank, 112 U. S., 276; Hoover v. Wise, 91 U. S., 308; Dodge v. Saving Co., 93 U. S., 376; Allen v. Bank, 22 Wend. (N. Y.), 215; Castle v. Bank, 148 N. Y., 122; Bank v. Bank, 128 N. Y., 26; Titus v. Bank, 35 N. J. L., 588; Davey v. Jones, 42 N. J. L., 28; Reeves v. Bank, 8 Ohio St., 465; Young v. Noble, 2 Disney (O.), 485; Simpson v. Waldby, 63 Mich., 439; Bellemire v. Bank, 4 Whart. (Pa.), 109; Bradstreet v. Emerson, 72 Pa. St., 124; Streissguth v. Bank, 43 Minn., 50; Bank v. Burns, 12 Col., 541; Tyson v. Bank, 6 Blackf., 225; Ex. Co. v. Haire, 21 Ind., 4; Power v. Bank, 6 Mont., 251; Mackeversy v. Ramsays, 9 Cl. & F., 818; Van Worth v. Woolley, 3 B. & C., 439; Cobb v. Becke, 6 Q. B., 930, 516 C. L., 930; 3 Am. and Eng. Encyc. of Law, 2 ed., 809, 811; 1 Dan. on Neg. Inst., sec. 342; 3 Randolph on Com. Paper, sec. 1457.

STEPHENS, ASSOCIATE JUSTICE.—The main question in this case is, whether a bank receiving paper for collection is responsible for all subsequent agents employed in the collection of the paper.

If the precise question has ever been authoritatively decided in Texas, we are not aware of it. The learned counsel seem to have been unable to find any Texas case in which it was even considered. We therefore assume that the question is an open one in this State. The authorities elsewhere are quite conflicting.

In a majority of the States, including Massachusetts as leader, the liability is denied, the subsequent agents being treated as sub-agents of the owner of the paper, and not the agents exclusively of the bank first receiving it for collection. Mechem on Agency, sec. 514, where the States are given and the authorities cited.

But in New York and several other States the opposite rule has long prevailed, the bank receiving the paper for collection, nothing further appearing, being treated as an independent contractor, and the subsequent agents as its own and not the sub-agents of the owner. In the Supreme Court of the United States, too, the decisions appeared for a long time to be in conflict; but in the case of Exchange National Bank v. Third National Bank, 112 United States, 276, the question came squarely before that learned court, and, in an able opinion by Justice Blatchford, reviewing previous decisions, the New York rule, which was also the English rule, was finally adopted.

The decision of the case at bar was made in conformity to the rule so adopted, and we approve it. This course tends to produce uniformity of decision in this State, both in the State and Federal courts, upon questions of general commercial law, which, on account of a large and con-

stantly increasing volume of interstate business, and on the ground of diverse citizenship, frequently come before the latter courts. Upon such questions the decisions of the courts of the State where they arise are not accepted by the Federal courts as authoritative. Railway v. Bank, 102 U. S., 14, and cases there reviewed. Therefore, where a question of general commercial law is an open one in a given State, with the authorities elsewhere in conflict upon it, as in this instance, we think, for manifest reasons, the decision of such question by the Federal Supreme Court, unless clearly wrong, should be followed in such State.

Appellant complains of the last finding of fact, but of that one only, to the effect that the indorsers of the note received by the bank for collection, and to whom the bank turned it over for collection from the maker, collected it and misapplied the proceeds; but as this finding rests upon conflicting evidence, with ample evidence to support it, we can not disturb it.

The next preceding finding is to the effect that the bank had, "without express authority from plaintiff," delivered the note in question to the indorsers for collection. Under errors assigned to the conclusion of law, appellant insists that it was not necessary for the bank to have *express* authority from the owner of the note to deliver it to the indorsers for collection. To this we agree, but we fail to find in the statement of material facts set forth in its brief any evidence of implied authority or consent, and no finding was specially requested on this point. The rule that such authority or consent will be presumed by the law as within the undertaking to collect the paper, was, as we have already seen, rejected by the trial judge; and what was doubtless meant by "express authority" was authority *in fact*, or *intended* authority, as contradistinguished from that which the law might presume as implied by the agency arising from the bare transmission and delivery of the paper to the bank for collection.

The conclusion already announced upon the main question dispenses with the determination of the minor counter-proposition submitted by appellee, to the effect that, notwithstanding the Massachusetts rule, the the indorsers thereof for collection, all parties residing, presumptively, in the same place.

Adopting the conclusions of law and fact found in the record, we affirm the judgment.

*Affirmed.*