GEORGE M. BOOTH, Respondent, *v.* JEANETTE P. BARRON, Appellant, Impleaded with FLETCHER J. BARRON, her Husband.

*Mechanic's lien — a person doing work upon premises upon the order of an agent of an undisclosed principal cannot sue the agent for part of the demand and the principal for the balance.*

In an action brought for the foreclosure of a mechanic's lien on a lot known as lot No. 2, owned by a married woman, it appeared that the contractor had performed work upon lots Nos. 1 and 2, both of which belonged to the wife, and charged the same against her husband, who ordered the work to be done, and whom the contractor supposed to be the owner of the property; that subsequently he discovered that the property was owned by the wife, and separating the items which he thought were properly charged to lot No. 1, brought an action against the husband for the recovery of the value thereof, and thereafter brought the present action for the foreclosure of the mechanic's lien filed against lot No. 2, in which he established a lien for one dollar and forty cents for setting a few panes of glass which had been broken in the house within ninety days preceding the filing of the lien, for which sum a judgment of foreclosure was ordered, and also recovered a personal judgment against the wife for the remainder of the account.

*Held,* that the contractor on discovering the wife's ownership had a right either to hold the agent (the husband) or the undisclosed principal (the wife) liable, but could not hold both liable as principal, nor could he hold one liable for part of the demand and the other liable for the remaining part thereof as the principal debtor;

That, by his action against the husband, he elected to hold the husband liable as the principal debtor and could not subsequently maintain an action against the wife for a recovery of the rest of the amount due under the contract;

That the action, although one in form for the foreclosure of a mechanic's lien, was, in so far as it was for the recovery of a personal judgment, governed by the rules applicable to actions for the recovery of money only.

APPEAL by the defendant, Jeanette P. Barron, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 29th day of October, 1897, upon the decision of the court rendered after a trial at the Erie Equity Term.

*George C. Miller,* for the appellant.

*William L. Jones,* for the respondent.

PER CURIAM:

This action was begun March 15, 1897, for the foreclosure of a mechanic's lien and the recovery of a judgment against the appellant for the amount of the claim.

November 23, 1895, the appellant acquired the fee of two lots on the east side of Crescent avenue in the city of Buffalo. Her husband, Fletcher J. Barron, owned the next lot south. These lots are known in this litigation as Nos. 1, 2 and 3. The north lot is No. 1; the next south is No. 2 (both owned by the appellant), and the south lot is No. 3 (owned by the appellant's husband).

In 1895 the owners began the erection of three houses on these lots. The house on lot No. 3 was first constructed, the plaintiff furnishing the glass therefor. January 1, 1896, Fletcher J. Barron submitted to the plaintiff a proposition for glazing houses 1 and 2, whereupon the plaintiff undertook to furnish and set the glass. In the early part of 1896 the plaintiff furnished the materials and performed the labor necessary to complete the work on these two houses, all of which was charged by the plaintiff in one account against Fletcher J. Barron. The account not being paid, the plaintiff took steps to file a mechanic's lien, and in the course of his investigation, and on or about December 30, 1896, he discovered that the title to houses Nos. 1 and 2 was in the appellant. On house number two he had furnished some materials and performed some labor within ninety days preceding December 30, 1896, and he thereupon divided the account as nearly as he could and charged to house No. 2 the materials furnished therefor and the labor in putting the materials in place and filed a lien which this action was brought to foreclose.

On the trial the court found that the plaintiff had a lien for one dollar and forty cents for setting a few panes of glass which had been broken out of the house within ninety days preceding the filing of the lien, for which sum a foreclosure was ordered. The court also ordered a personal judgment against the appellant for the remainder of the account. She paid the one dollar and forty cents and appealed from the remainder of the judgment.

The materials furnished and labor performed on the two houses were done under a contract between the plaintiff and Fletcher J. Barron, the husband of Jeanette P. Barron, who owned the houses.

The services rendered and goods furnished were charged against the husband in one account. December 30, 1896, some time after all the materials had been furnished and work performed, the plaintiff discovered that the wife owned the property and was in fact the principal debtor, which fact the husband had concealed or, at least, had not disclosed to the plaintiff. On discovering this fact the plaintiff had the right to hold the agent (the husband) or the undisclosed principal (the wife) liable, but could not hold both liable as principal, nor could he hold one liable for part of the demand and the other for the remaining part thereof as principal debtor.

March 11, 1897, the plaintiff began an action in the Supreme Court against the husband for the recovery of the part of the demand for the materials and labor which had been furnished under a single contract for the two houses, separating the items which he thought were properly charged to No. 1 and bringing his action thereon. By this action the plaintiff elected to hold the husband liable as principal debtor, and, having made his election with full knowledge of the facts, is bound by it and cannot maintain an action against the wife for the recovery of the remainder due upon the contract.

This action, though in form one for the foreclosure of a mechanic's lien, in so far as it is for the recovery of a personal judgment, is governed by the rules applicable to actions for the recovery of money only. The plaintiff, having elected to hold the husband liable as principal debtor for a portion of the account, cannot split his demand and hold the wife liable as principal debtor for the remainder thereof.

The judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.