### McLEAN v. SEXTON et al.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

PRINCIPAL AND AGENT—ACTION—JOINDER.

    Where the owner is liable for material and labor furnished because consenting thereto, and another is liable because they were furnished at his request as an undisclosed agent of the owner, they may be sued jointly.

Appeal from Queens county court.

Suit by John R. McLean against George H. Sexton, impleaded with Lydia A. Chapman. There was a judgment overruling demurrer to the complaint, and defendant Sexton appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

M. E. Harby (Walter S. Logan, on the brief), for appellant.
Lincoln B. Haskin, for respondent.

WILLARD BARTLETT, J. This is an action to foreclose a mechanic's lien. The complaint alleges that the plaintiff, at the request of the defendant George H. Sexton, who was then in pos-

session of the premises described therein, furnished material and made alterations and repairs upon the buildings on said premises, for which work and material a balance of $527.15 is still due to the plaintiff; that the defendant Lydia A. Chapman is and was at the time the owner of the premises, and the defendant George H. Sexton was the lessee of said premises, and the undisclosed agent of said Lydia A. Chapman; that the said owner, Lydia A. Chapman, consented to the repairing and altering of the buildings thereon; and that the plaintiff performed the labor and furnished the material for which he claims a lien with the knowledge and consent of said owner. Upon the present appeal the only ground upon which the appellant seeks to sustain the demurrer is that the complaint sets out no cause of action affecting both defendants jointly. The view of the appellant is that two causes of action are stated in the complaint,—one affecting the defendant Chapman only, arising out of the allegation that the work done and material furnished upon her property at the instance of the defendant Sexton, acting as her agent, was done and was furnished with her knowledge and consent; the other affecting the defendant Sexton only, arising out of the allegation that the work and services which he contracted for, as the agent of the defendant Chapman, were contracted for under such circumstances as to make him personally liable, inasmuch as he did not disclose the fact of his agency. The argument is that, however good these causes of action may be when taken separately, it is a fatal defect to combine them in one complaint, against principal and agent joined as co-defendants. The plaintiff's claim is based upon the provisions of the lien law (chapter 418, Laws 1897). The manner in which a mechanic's lien is to be enforced is now regulated by the Code of Civil Procedure (Lien Law, § 23; Code Civ. Proc. §§ 3398–3418). The Code provides for such enforcement against the real property upon which the lien is obtained, and against "a person liable for the debt upon which the lien is founded." Code Civ. Proc. § 3399. Both the defendants here come within the category of persons liable for the debt upon which the lien is founded. The defendant Sexton is liable because the material was furnished and the work was done at his instance and request. The defendant Chapman is liable because the defendant Sexton, in procuring the work to be done and the material to be furnished, was really acting in her behalf. It is a mistake to suppose that a principal and agent can never both be severally liable upon the same contract. On the contrary, such liability may arise in many cases. Story, Ag. (9th Ed.) § 266. If an agent buys in his own name, says Chancellor Kent, but for the benefit of his principal, and without disclosing his name, "the principal is also bound as well as the agent, provided the goods come to his use, or the agent acted in the business intrusted to him and according to his power." 2 Kent, Comm. (14th Ed.) p. 631. Under such circumstances, the vendor may sue both principal and agent, and the liability of neither can be discharged except by the satisfaction of the debt. The appellant cites from Mr. Mechem's work on Agency, where it is said that a party who has dealt with an agent is at

liberty, on discovering the principal, to elect to hold either the agent or the principal, but he cannot hold both. Mechem, Ag. § 698. I understand this to mean, in the light of the authorities on the subject, that the creditor cannot finally enforce payment of his claim from both. In England, when it is said that a creditor has a right of election as between principal and agent, it means that "he may sue either the principal or the agent, or may commence proceedings against both, but may only sue one of them to judgment; and a judgment obtained against one, though unsatisfied, is a bar to an action against the other." Pol. Cont. (4th Ed.) 102. In this state the rule is different. Cobb v. Knapp, 71 N. Y. 348, approving Beymer v. Bonsall, 79 Pa. St. 298; Bank v. Wallis, 84 Hun, 376, 32 N. Y. Supp. 382. In the case last cited, which was decided in this department, Mr. Justice Brown stated the rule as follows: "If two or more persons are severally liable for the same debt, payment of the debt alone discharges the debtor, and the maintenance of an action and recovery of a judgment against one does not debar the creditor from suing, in a separate action, others liable for the same debt." If they may be sued in separate actions, there is no good reason why both the principal and agent who are liable for a debt should not be sued in the same action. Both will be discharged by the satisfaction of the debt, and neither can be discharged without it. So far as there is any conflict between these views and some of the language used by the appellate division in the Fourth department in the case of Booth v. Barron, 29 App. Div. 66, 51 N. Y. Supp. 391, we feel constrained to follow the earlier decision of our own general term in the Wallis Case, already cited. There is really but one cause of action stated in the complaint in the case at bar. It affects both defendants, because both are liable for the debt upon which the lien is founded. If one of the defendants pays the plaintiff's claim, the other will not have to pay it; but, until he procures payment by one or the other, the plaintiff is at liberty to pursue both.

The interlocutory judgment should be affirmed, with costs, but with leave to answer over upon the payment of such costs. All concur.