## HARDY v. LAMB.

(Court of Civil Appeals of Texas. Amarillo. Dec. 7, 1912. Rehearing Denied Jan. 11, 1913.)

1. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—DEFECTS.

Where assignments of error are multifarious, argumentative, and confusing, and the propositions are not germane to the assignments, and some of the assignments are not copies of those filed in the trial court, and the statements make little reference to the record, the assignments will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. BILLS AND NOTES (§ 145*)—WHAT LAW GOVERNS.

The courts of Texas, in passing on the liability of an indorser of a note executed, payable, and indorsed in Oklahoma are not governed by the decisions of the courts of Oklahoma, declaring the common-law rule that a note stipulating for 10 per cent. attorney's fees, in case of suit to enforce its collection, is nonnegotiable, but will apply the law of Texas making it negotiable.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 362; Dec. Dig. § 145.*]

Appeal from District Court, Wheeler County; F. P. Greever, Judge.

Action by C. R. Hardy against W. E. Lamb. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Templeton & Templeton, of Wellington, for appellant. J. B. Reynolds, of Wheeler, for appellee.

HALL, J. Appellant, plaintiff below, sued appellee in the district court of Wheeler county as indorser of three promissory notes for $450 each, alleging, in substance, that said notes were executed by Walter N. Roberson and wife, and delivered to Buckner B. Warren, payable to the order of said Warren, and afterwards by the said Warren indorsed and transferred to appellee. It is further alleged that the plaintiff had used all due diligence to collect the notes from the makers; that the said Walter N. Roberson was dead at the time of the transfer and indorsement thereof by the defendant, and that his estate was notoriously insolvent; that all of the other principals and indorsers of the notes were nonresidents of the state and notoriously insolvent, all of which facts were well known to the defendant at the time of the transfer to plaintiff; that presentment for payment, protest, and notice of protest were expressly waived in the stipulations of said notes, and that the defendant, W. E. Lamb, is the only party to said notes out of whom plaintiff can collect the amount thereof. It is alleged in the petition that a credit of $573.48 was due upon said notes by reason of the fact that plaintiff had intervened in a certain suit in Oklahoma wherein he recovered that amount, leaving a balance due of $1,506. The defendant answered by general and special exceptions and general denial,

and specially denied that he ever contracted or agreed to guarantee the payment of the said notes sued on, or that he is in any way liable to pay said notes or any part thereof; that on the 10th day of September, 1908, he did sell, transfer, and assign said notes to plaintiff, but he says that he simply conveyed to plaintiff the title thereto, and that, although he did at the time of the transaction write his name across the back of said notes, yet he says that neither by said act or any other act, agreement, or contract, written or verbal, did he ever bind himself or render himself liable for the payment of said notes; that said notes were made in the territory of Oklahoma, were payable there; that the purchase and sale thereof between plaintiff and defendant took place in Oklahoma, and that under the laws of said territory and the rules and decisions of the Supreme Court thereof, as they existed both at the date of said notes and at the date of the assignment of said notes by defendant to plaintiff, said notes were not negotiable because they and each of them provided for the payment of attorney's fees in the event of the institution of suit thereon; and that, under the laws and decisions of the Supreme Court of said territory, it was settled that the writing of his name across the back of a nonnegotiable promissory note does not bind the indorser to pay on default of the maker, but only evidences his intention to transfer the title to the assignee, and said laws were pleaded in bar of plaintiff's right to recover. The defendant, by way of cross-action, alleged that on the 10th day of September, 1908, he was the owner of the notes described in plaintiff's petition; that plaintiff was the owner of certain vendor's lien notes given by parties living in Collingsworth county, Tex., and secured by lien on the lands in said county, which said notes were transferred to defendant by plaintiff, and in consideration therefor the defendant transferred and assigned to plaintiff the notes sued upon; that in said transaction it was agreed that, in addition to the said Collingsworth county notes, the plaintiff would pay to defendant for said notes described in plaintiff's petition the sum of $55, which sum was agreed should become due and payable so soon as the first note assigned to plaintiff by defendant should be collected. Said agreement was in writing, signed by plaintiff, and was made an exhibit to the answer. There are other matters alleged in the answer not necessary to be stated here. By a supplemental petition plaintiff pleaded the statutes of Oklahoma with reference to negotiable instruments, which under the view we take of the case is immaterial and unnecessary to be set out in this statement.

[1] Appellant's brief is so imperfectly prepared that we have been forced to disregard it. The assignments of error are multifari-

ous, argumentative, and confusing. When propositions are submitted following the assignments, they do not seem to be germane to the matter contained in the assignments, and are more in the nature of arguments and statements of fact than propositions. Some of the assignments are not copies of those filed in the trial court. The statements make little or no reference to the record, and in the citation of authorities the volume and page of the reports are given without giving the style of the case.

[2] There is, however, fundamental error apparent upon the face of the record which requires the full consideration of the case at our hands. The contention of the appellee in the trial court and which was sustained by the learned trial judge is that the notes in question, stipulating for 10 per cent. attorney's fees in the event of suit to enforce their collection, are by virtue of the decisions of Oklahoma nonnegotiable, and that, under the decisions of Oklahoma, the indorser of a nonnegotiable instrument is not liable for the amount thereof, but his act of indorsement is construed to be merely a conveyance of the title. It appears from the statement of facts that the notes sued upon were executed in Oklahoma, and that the contract of indorsement was entered into and the notes indorsed in Oklahoma, and by their terms they are also payable in that state. It is thus seen that we have squarely before us for consideration the question as to whether the courts of this state in passing upon the liability of an indorser of such a note, under such circumstances, will be governed by the decisions of Oklahoma declaring the common law with reference to negotiable instruments, or whether the rights of the parties are to be determined by the lex fori. In the note to Spies v. National City Bank, 61 L. R. A. 193, it is said the federal courts assert their right in the absence of a local statute to determine questions of this character upon what they deem to be the general principles of commercial law, and do not consider themselves bound by the decisions of the courts of a state, the law of which, if statutory, would concededly govern, and the Supreme Court of the United States has announced the rule to be that in reference to the doctrines of commercial law and general jurisprudence the federal courts exercise their own judgment without regard to the decisions of any state. Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, 27 L. Ed. 359; Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Brooklyn, C. & N. R. Co. v. National Bank, 102 U. S. 14, 26 L. Ed. 61. In Alexander v. Bank of Lebanon, 19 Tex. Civ. App. 620, 47 S. W. 840, Key, Justice, said: "The further contention is made that as the notes were assigned to appellee in the state of Tennessee, and as the court of last resort of that state has held that the holder of negotiable paper acquired before maturity and accepted

merely as security for the pre-existing debt is not entitled to protection as an innocent holder, this court should apply that rule in this case. The notes are in terms payable in Texas, and neither party averred in the pleading that the contract by which appellee acquired them was made in Tennessee. Hence appellee contends the question referred to is not in the case. But, if it be conceded that the question is presented for decision, we think it should be ruled against appellant. There was no proof of any statute of Tennessee regulating the matter, and, the question being one of commercial law of common interest to all civilized nations, we are of the opinion that the courts of this state are not bound to accept the decisions of that state as the law of the case, although the contract was made in that state. The Congress of the United States enacted a statute declaring that the laws of the several states, except where the Constitution, treatise, or statutes of the United States otherwise required or provided, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply. In construing this statute, in Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; and Railroad Co. v. National Bank, 102 U. S. 15, 26 L. Ed. 61, it is held that the decisions of state courts generally are not laws within the purview of the statute quoted, which is limited to positive statutes of the states and the construction thereof by local tribunals and to the rights and titles to real estate and other matters immovable and intraterritorial in their nature and character, and that the decisions of the courts of last resort of the state of New York are not binding upon federal courts on the identical question now under consideration." In the case of Third National Bank of Springfield, Mass., v. National Bank of Commerce et al., 139 S. W. 665, Dunklin, Justice, in discussing a decision of Missouri which was introduced to prove the law of that state with reference to the transfer of notes, said: "Furthermore, as that decision does not purport to be based upon any statute of Missouri but purports to announce merely a proposition of commercial law, we would not feel inclined to follow it in opposition to the decisions of our own state upon the same question and in opposition to the decided weight of authority as admitted in the decision itself."

The decisions of Oklahoma introduced by appellee in evidence did not purport to construe a statute, and, while this question has not been passed upon by the Supreme Court of this state, we are inclined to follow the decisions of the two courts of Civil Appeals above quoted, the federal courts and the Supreme Court of the United States, upon this proposition, rather than what seems to be the rule in a majority of the states of the Union. Under the laws of this state, a provision for 10 per cent. attorney's fees does

not destroy the negotiability of a promissory note, and, further, the indorsement of the notes by Lamb under the laws of this state renders him liable for the amount thereof. We therefore hold that the trial court erred in determining the rights of the parties according to the decisions of the Supreme Court of Oklahoma, and his judgment is reversed and here rendered in favor of appellant for the full amount of said notes, principal, interest, and attorney's fees, less the sum of $55, set up in appellee's cross-action. And see Bank v. Thomas, 17 Tex. Civ. App. 214, 42 S. W. 1016.

Reversed and rendered.