TILLMAN COUNTY BANK OF GRANDFIELD, OKLAHOMA, v. DELL BEH-
RINGER.

No. 3857.    Decided December 20, 1923.

(257 S. W., 206.)

1.—Banks—Negotiable Paper—Agency.

A bank taking negotiable paper (cashier's check) of another bank at
a distance, crediting the holder with its amount, and forwarding the paper
to a reputable correspondent bank for collection, thereby makes the latter
agent for the holder for such collection, not agent of the bank which for-
warded it.   If the amount is lost through negligence in collecting it by
the bank to which it was so sent, the loss falls on the payee, and the bank
to which he first intrusted it for collection can recover back the amount
paid him as proceeds of the check.   (Pp. 419-423).

2.—Same—Case Stated.

Behringer, holder of a cashier's check issued by the Thrift-Waggoner
Bank, of Thrift, Texas, deposited it with the Tillman County Bank, of G.,
Oklahoma, receiving credit for the amount and drawing out a part there-
of.   The Tillman County Bank, making a small charge for collection, as to
the manner of which Behringer  gave no directions, forwarded the check
to a correspondent bank at Wichita Falls, twenty miles from Thrift, and
was credited with the amount by that bank.   The Wichita Falls bank did
not have the check presented for payment over the counter of the T.-W.
Bank, in which case it would have been paid, but, though there was another
bank at Thrift, sent the check direct to the T.-W. Bank, for payment and
remittance, and this bank credited the Wichita Falls bank with the amount,
but failed to remit same though repeatedly requested, and twelve days later
suspended payment.   The Wichita Falls bank then notified the Tillman
County Bank of the failure to collect the check and canceled the latter's
credit therefor.   It was adjudged to have been negligent in failing to collect.
*Held* that it was the agent for collection of Behringer, the payee of the
check, and not of the Tillman County Bank.   The latter was not liable
to Behringer for its negligence.  Behringer could not recover the amount
of the check so placed to his credit, and it could recover from him the
amount thereof he had drawn out in cash.   (Pp. 418-423).

3.—Cases Discussed, etc.

Waggoner Bank & Tr. Co. v. Gamer Co., 113 Texas, 5;   discussed.
Garver v. Howard, 113 Texas, 371, approved.   State Natl. Bank v. Thomas,
17 Texas Civ. App., 214;   Schumacher v. Trent, 18 Texas Civ. App., 17;
First Natl. Bank v. Quinby, 62 Texas Civ. App., 413;   Kirkpatrick v. San
Angelo Natl. Bank, 148 S. W., 362;   Tillman County Bank v. Behringer,
241 S. W., 102, disapproved.   (P. 420).

Error to the Court of Civil Appeals for the Seventh District in
an appeal from Wichita County.

Behringer sued the bank and had judgment, which was affirmed
on appeal by defendant.   It, the Tillman County Bank, then ob-
tained writ of error.

*Davenport & Thornton,* for plaintiff in error.

Where negotiable paper, payable at a distant place, is deposited in a bank for transmission or collection, and such bank exercises due and ordinary care and prudence in selecting a solvent, reliable and reputable bank to which such paper is to be transmitted, and transmits such paper in due time and in the usual and ordinary course and manner of business, such transmitting bank has discharged its duty to the depositor and is not liable to the depositor for the acts of such correspondent bank in the absence of an agreement or well established usage to the contrary. 3 Ruling Case Law, Sections 251-252; 1 Morse on Banks and Banking (4th Ed.), Sections 221, 268-287; 1 Mechem on Agency, (2d Ed), sec. 1314; Bank and Trust Company v. Newland, 97 Ky., 464, 31 S. W., 38; Second National Bank v. Merchants National Bank, 111 Ky., 930, 98 Am. St. Rep., 440; Bank of Louisville v. First National Bank of Knoxville, 35 Am. Rep., 691; Bank v. Cummings, 89 Tenn., 609, 24 Am. St. Rep., 625; Daly v. Butchers and Drovers Bank, 56 Missouri, 94, 17. Am. Rep., 663; Lawrence v. Stonington Bank, 6 Conn., 528; Citizens Bank. of Baltimore v. Howell, 8 Maryland, 530, 63 Am. Dec., 714; Tiernan v. Bank, 40 Am. Dec., 83; Guelich v. Bank of Burlington, 56 Iowa, 434, 41 Am. Rep., 110; First National Bank v. Sprague, 34 Nebr. 318, 33 Am. St. Rep., 644; Merchants National Bank of Pa. v. Goodman, 109 Pa. St., 422, 58 Am. Rep., 728; Givan v. Bank of Alexandria, 47 L. R. A., 270; Aetna Insurance Co. v. Alton City Bank, 25 Ill., 243, 79 Am. Dec., 328; Waterloo Milling Co., v. Kuenster, 158 Ill., 259, 49 Am. St. Rep., 156; Wilson v. Carlinville Bank, 187 Ill., 222, 52 L. R. A., 632; Plymouth County Bank v. Gilman, 9 S. D., 278, 62 Am. St. Rep., 868; Fabens v. Mercantile Bank, 34 Am. Dec., 59; Davis v. First National Bank of Fresno, 50 Pacific, 667; Bank v. Triplett, 1 Peters, 25, 7th L. Ed. 37; Bank of Shreveport v. City National Bank of Galveston, 166 S. W., 691; Waggoner Bank and Tr. Co. v. Gamer Co., 213 S. W., 927; Bellemire v. Bank, 4 Wharton, 105, 33 Am. Dec., 46; Planters National Bank v. First National Bank, 75 N. C., 534; Hilsinger v. Trickett, 99 N. E., 305, Annotated Cases 1913-B, page 421; Smith v. Bank 191 Federal, 226; Allen v. Merchants Bank, 34 Am. Dec., 289, N. Y., (Dissenting opinion of Chancellor Walworth); Allen v. Merchants' Bank, 15 Wend., 86 (Opinion of Chief Justice Nelson.

*Fischer & Fischer,* for defendant in error.

Where a bank receives a check from another bank drawn upon a third bank at a place where there is another bank doing business, in the absence of a general custom, or instructions to the

contrary, it is negligence for such receiving bank to forward such check direct to the paying bank, which, after receiving such check, becomes insolvent and fails to pay the same, if said check would have been paid had it been sent, at the time it was sent, to another bank located at the place of the paying bank. 2 Michie on Banks and Banking, Art. 162, page 1405; First National Bank of Corsicana v. City National Bank of Dallas, 34 S. W., 458; Winchester Milling Co. v. Bank of Winchester, 111 S. W., 248; Pinkney v. Kanawha Valley Bank, 69 S. E., 1012; Bank of Rocky Mount v. Floyd, 142 N. C., 187, 55 S. E., 95; First National Bank v. Bank, 221 Ill., 319, 77 N. E., 563; Pickett v. J. Baird Inv. Co., 133 N. W., 1026; Waggoner v Crook, 167 Pa., 259; Power v. Bank, 6 Mont., 251; Minneapolis Sash & Door Co. v. Metropolitan Bank, 76 Minn., 136; Fifth National Bank v. Ashworth, 123 Pa., 212, 16 Atl., 596, 2 L. R. A., 491; First National Bank v. Fourth National Bank, 6 C. C. A., 183, 56 Fed., 967; Jefferson County Savings Bank v. Hendrix, 147 Ala., 670, 39 So., 295, 1 L. R. A., N. S., 246; German National Bank v. Burns, 12 Colo. 539, 21 Pac., 714; Anderson v. Rodgers, 53 Kans., 542, 36 Pac., 1067, 27 L. R. A., 248; Western Wheeled Scraper Co. v. Sadilek, 50 Neb., 105, 69 N. W., 765; Diamond Mill Co. v. Groesbeck National Bank, 9 Texas. Civ. App., 31, 29 S. W., 169; Peoples National Bank v. Brodgen, 84 S. W., 601, 98 Texas, 360, 83 S. W., 1098; Am. Ex. National Bank v. Metropolitan National Bank, 71 Mo. App., 451.

Where a bank receives a check for collection from another bank drawn upon a third bank, such receiving bank is bound to use ordinary care and due diligence in presenting such check for payment and to receive payment thereon, or to protest the same, and give notice thereof. Rev. Stat., 1920, 6001a-61, 6001a-83, 6001a-85, 6001a-89, 6001a-94, 6001a-102, 6001a-104, 6001a-143, 6001a-144, 6001a-149, 6001a-150, 6001a-152; Dorchester v. Merchants' National Bank, 163 S. W., 5; First National Bank of Shreveport v. City National Bank, 166 S. W., 689.

Where negotiable paper, payable at a distant place is deposited in a bank for collection, in the absence of instructions from the depositor to handle such paper in a particular way, or express agreement limiting liability, and such receiving bank forwards such paper to a correspondent bank for presentment to the paying bank, such correspondent bank is the agent of the receiving bank and the receiving bank is responsible to the depositor for the negligence of such correspondent bank in the collection of such paper. Story on Agency, Sec. 432; Michie on Banks & Banking, Art. 170, p. 1455; 1 Daniel on Negotiable Instruments, sec.. 342; State National Bank v. Thomas Mfg. Co., 42 S. W., 1016; Schumacher v. Trent, 44 S. W., 460; First National Bank of Wortham v. Quinby, 131 S. W., 429; Kirkpatrick v. San Angelo National Bank, 148 S. W., 362; Sagerton Hardware & Furniture Co., v. Gamer Co., 166 S. W., 428; Exchange

National Bank of Pittsburg v. Third National Bank, 112 U. S., 276, 26 Law Ed., 722; Second National Bank v. Bank. 99 Ark., 386, 138 S. W., 472; Manhattan Life Ins. Co. v. First National Bank, 20 Colo. App., 529, 80 Pac., 467; Brown v. People's Bank, 59 Fla., 163, 52 So., 719; First National Bank v. Craig, 3 Kans. App., 166, 42 Pac., 830; Martin v. Hibernia Bank & Trust Co., 127 La., 301, 53 So., 572; Simpson v. Waldby, 63 Mich., 439, 30 N. W., 199; Streissguth v. National German Bank, 43 Minn., 50, 44 N. W., 797; Power v. First National Bank, 6 Mont., 251, 12 Pac., 597; Titus v. Mechanics' National Bank, 35 N. J. L., 588; Allen v. Merchants Bank, 22 Wend., 215, 34 Am. Dec., 289; National Reserve Bank v. National Bank of Republic, 172 N. Y., 102, 64 N. E., 799; Commercial Bank v. Red River Valley National Bank, 8 N. D., 382, 79 N. W., 859; Reeves v. State Bank of Ohio, 8 Ohio St., 465; City National Bank v. Cooper, 91 S. C., 91, 74 S. E., 366; Van Wart v. Woolley, 3 Barn. & C., 439; Mackersy v. Ramsays, 9 Clark & F. 818.

Mr. Justice PIERSON delivered the opinion of the court.

The following is quoted from the opinion of the Court of Civil Appeals as a statement of the case:

"Dell Behringer brought this suit against the Tillman County Bank of Grandfield, Oklahoma, to recover damages alleged to have resulted from the negligence of the bank in the matter of the collection of a cashier's check issued by the Thrift-Waggoner Bank of Thrift, Texas, for the sum of $3150.00, payable to Dell Behringer, and deposited by him with the defendant bank for collection. The case was tried before the court and judgment rendered for plaintiff.

"On June 1, 1920, Dell Behringer delivered to the Tillman County Bank a cashier's check issued by the Thrift-Waggoner Bank, of Thrift, Wichita County, Texas, in his favor, for the sum of $3150.00. The Tillman County Bank credited Behringer with the amount of the check, and he drew $400.00 out of the account. The Tillman County Bank immediately sent the check as a cash item to its correspondent, the City National Bank of Commerce, of Wichita Falls, Texas. This was its customary way of collecting items drawn on banks in the vicinity of Wichita Falls, Texas. Nothing was said by Behringer to the Tillman County Bank in regard to the manner or method of collecting this check, and no instructions were given in reference thereto. The Wichita Falls bank promptly notified the Tillman County Bank of the receipt of the check and credit of same to its account. The Thrift-Waggoner Bank was located at Thrift, Texas, a small town off the railroad about twenty miles from Wichita Falls. There was another bank, Johnson Bros. Bank, located at this place. On June 3rd, promptly after receipt of the check, the Wichita Falls bank sent it by mail as a cash item to the Thrift-Waggoner Bank, with instructions to remit in payment. The bank cashier

testified that this was its customary way of handling such items. Receiving no report from the Thrift-Waggoner Bank, the Wichita Falls bank sent out successive inquiries about June 8th and June 11th, but received no response. It had been having trouble for some time before this transaction in securing remittances from the Thrift-Waggoner Bank on items sent it. At one time it had been clearing such items through the First National Bank at Burkburnett, but such bank refused to handle such collection further because of the trouble in securing returns from the Thrift-Waggoner Bank. On June 16th the Wichita Falls bank sent an agent to Thrift and collected some $3000.00 'to apply on some of its items', but the plaintiff's check was not included in the amount thus collected. If the check had been presented and payment demanded 'over the counter' at any time prior to the evening of June 16th, it would have been paid. The Thrift-Waggoner Bank failed on June 16th, without ever having remitted in payment of plaintiff's check which it had received and retained. The Wichita Falls bank thereupon charged the amount of the check back to its account with the Tillman County Bank, and notified such bank of the facts. This was the first notice the Tillman County Bank had that the check had not been paid. This bank in turn charged the plaintiff's account with the amount of the check and demanded payment of $400.00 required to cover the deficiency.

"It is conceded that there are only two questions for decision on this appeal: First, whether the Wichita Falls bank was the agent of the Tillman County Bank, or of the plaintiff (Dell Behringer). Second, whether the facts support a finding that the Wichita Falls bank was negligent in the matter of the collection of the check."

The trial court found that the Wichita Falls bank was negligent in the matter of handling said collection, and it also found that said bank was the agent of the Tillman County Bank, and, therefore, that the Tillman County Bank was liable to defendant in error, Dell Behringer, for such negligence of its correspondent the Wichita Falls bank. The Court of Civil Appeals approved the holding of the trial court, both as to its findings of fact and as to its conclusion of law.

The question here to be determined is whether the Wichita Falls bank was the agent of plaintiff in error, the Tillman County Bank, or of defendant in error, Dell Behringer; or, abstractly stated, whether a correspondent bank, to which another bank has sent a customer's negotiable paper for collection, is the agent of the forwarding bank or of the owner of the paper, and whether the forwarding bank may be held for the negligence of its correspondent bank.

This question has never been passed on by this Court, though it has been referred to in several cases in which the question was not directly involved.

In Waggoner Bank & Trust Company v. Gamer Company, 113 Texas, 5, 213 S. W., 927, Chief Justice Phillips, after discussing some of the important facts and issues, uses the following language:

"The Waggoner Bank was under no absolute obligation to collect the check. The duty it was charged with was to use due diligence for its collection and due care in its selection of an agency for the purpose. It forwarded the check in accord with business custom to its correspondent at Dallas, a reputable and reliable bank. Its correspondent, in keeping with its custom and having no reason to apprehend that by the means adopted the check would not be duly remitted for, sent it for collection to the drawee bank. It was the only bank at the place of payment. Under this condition, the Gamer Company had no right to expect that a different means of collection would be used, or to require a different method. The correspondent bank was not guilty of negligence, under the circumstances, in sending the check for collection to the drawee bank. First National Bank v. City National Bank, 106 Texas, 297, 166 S. W., 689, L. R. A. 1918E, 336."

Some expressions in the quotation, taken literally, would seem to support the rule maintained by plaintiff in error. However, under the facts and discussion of issues in that case it is clear that this particular question was not necessary to its decision.

There is much conflict over this question. THE NEW YORK RULE is that the correspondent bank to which commercial paper has been sent by a forwarding bank is the agent of the forwarding bank, and that the forwarding bank is liable to the depositor for the negligence of its correspondent. Allen v. Merchants' Bank, 22 Wend., (N. Y.), 215, 34 Am. Dec. 289. THE MASSACHUSETTS RULE is that when a bank receives negotiable paper to be collected at a distant point, and transmits the same with due diligence and care to a reputable and proper corespondent at or near the place where the collection is to be made, it has discharged its duty, and is not responsible for the negligence of such correspondent, but that such correspondent becomes the agent of the owner of the paper. Dorchester & Milton Bank v. New England Bank, 1 Cush., (Mass.), 177.

The Supreme Court of the United States is in harmony with the New York Rule. Exchange National Bank v. Third National Bank, 112 U. S., 276, 28 L. Ed., 722. However, that court held just to the contrary in the earlier case of Bank of Washington v. Triplett, 1 Peters, 25, 7 L. Ed., 37, in an opinion by Chief Justice Marshall. The New York Rule has been followed by our Courts of Civil Appeals in the following cases, to-wit: State National Bank of Fort Worth v. Thomas, 17 Texas Civ. App., 214, 42 S. W., 1016 (Fort Worth) ; Schumaker v. Trent, 18 Texas Civ. App., 17, 44 S. W., 460 (Galveston) ; first National Bank v. Quinby, 62 Texas Civ. App., 413, 131 S. W., 429 (Dallas) ; Kirkpatrick v. San Angelo National Bank, 148 S. W., 362 (Austin) ; and in this case, 241 S. W., 1092 (Amarillo).

The Massachusetts Rule has been followed by our Court of Civil Appeals at San Antonio, in the case of Louis Garver et al. v. J. W. Howard et al., now pending in this Court on certified question.

It is very desirable that decisions of our State courts should conform to those of the Supreme Court of the United States in questions of commercial law, and we would feel inclined to follow said court unless we thought the weight of better reasoning was decidedly in favor of the opposite holding.

Notwithstanding the fact that the New York Rule is supported by such excellent authority and by the courts of a number of the States of the Union, yet it must be recognized that the prevailing rule, and as we think the more reasonable and just construction of the contract of the parties and of the undertaking of the first bank, is that when paper is payable at another and distant place, said bank discharges itself of liability by transmitting the same with due diligence to a suitable and reputable bank at or near the place of payment.

The confusion in the authorities, it seems to us, arises from an erroneous premise of assuming that the agreement of the parties and the undertaking of the receiving bank was to itself effect a collection of the paper, rather than the receiving of said paper for the purpose of forwarding same with due care and diligence to a proper correspondent more accessible to the place of payment, so that it may be presented and paid.

Under the New York Rule and the courts that follow it, and under the application of that rule by the Supreme Court of the United States, the undertaking of the receiving bank is an undertaking "to do the business," to collect the paper, "to do this thing, not merely to procure it to be done." It would necessarily follow from such a holding that the bank at a distance to which the paper is forwarded is the subagent of the forwarding bank to perform a part of that which it had contracted to do. Therefore, the courts which follow that construction of the undertaking or contract between the owner of the paper and the forwarding bank necessarily hold that that bank is the agent of the owner to the full extent of effecting collection, and is liable to such owner for any negligence or misconduct of the correspondent bank. This we think assumes the very question that is to be decided. The real issue is: What is the undertaking of the parties?

As stated in Morse on Banks and Banking, under the New York Rule "the undertaking to collect is not merely a contract to send to a suitable agent, but is an undertaking to respond for any default of the agent selected."

The receiving bank should be charged with no greater burden than it assumes, and as was in the contemplation of the parties when the commercial paper was deposited with it for collection. The paper was deposited for the purpose of being sent to some distant place for col-

lection, with full knowledge of that fact on the part of the depositor. In the absence of any special understanding there is implied, and ought to be implied upon a reasonable construction of their acts, that said paper should be forwarded with due diligence to some competent agent to do what should be necessary in the premises. Certainly the acts of the parties import so much,—but we think nothing more. The person leaving the paper is aware that the bank can not collect it through its personal agents and employees, and that it must be sent to a distant place and a collection effected by others.

It may be conceded that there is a consideration flowing to the receiving bank; yet the ordinary exchange charged is so small, in comparison to the service rendered and the liabilities assumed by said bank, if it be held responsible for the acts and conduct of its correspondent bank beyond the measure of care required in selecting a suitable correspondent and in otherwise discharging the duties devolving upon it respecting such paper, that it would be unreasonable to add to their agreement and undertaking more than the acts of the parties reasonably indicate to have been within their mutual contemplation.

Here the very heart of the undertaking is that the receiving bank will select for the depositor a competent agent for him, and will with dispatch forward the paper to that agent for collection. Too, the collecting bank is equally aware that it has for collection the owner's paper and accepts the duty of that service for the benefit of and on account of said owner. Under the system of banking we think there is no lack of privity between the collecting bank and the owner of the paper.

We can not see that this application of the contract of the parties violates, endangers, or abrogates the rule of law relating to the responsibility of the principal for the acts of his agent, as contended by the New York courts and as presented by the Supreme Court of the United States. It is, we think, only a proper construction of the contract of agreement the parties have entered into.

It may be conceded also that the depositor had no part in the selection of the collecting agent, or in the collection, but the selection of such agent for him is what he has entrusted to the receiving bank, and that, together with the care required in such selection and in regard to the further attention required of it in the matter, measures its duty and liability.

The depositor knows that the receiving bank will not personally and through its own agents and servants collect the paper, but knows that it necessarily will transmit it to a distant place. This knowledge of the course to be taken, it seems to us, implies an understanding that the undertaking of the bank is, in good faith and with due discretion, to choose an agent for the depositor.

We deem it unnecessary to make an extensive discussion of the general subject here involved, because of the fact that so much has been said by the text writers and by the various courts. See Morse on Banks and Banking (5th ed.) §§ 268 to 287; Daniel on Negotiable Instrument (6th ed.) §§ 341 to 345; Michie on Banks and Banking, Vol. 2, §§ 170, 171; 3 R. C. L., §§ 251 to 259; C. J., pp. 606, 607, 608.

It is our conclusion that the Wichita Falls bank was the agent of the owner of the cashier's check for the purpose of collection, and responsible to him for its negligence. Therefore, judgment in this case should have been rendered in favor of the plaintiff in error, Tillman County Bank of Grandfield, Oklahoma, as against defendant in error Behringer's suit for damages, and also in behalf of said bank for the $400 that defendant in error had drawn against the deposit. Accordingly, judgment is here rendered for plaintiff in error.

*Reversed and rendered.*