### ODLE v. BARNES et al.    (No. 505.)

Court of Civil Appeals of Texas. Waco.
March 31, 1927.

Certified to Supreme Court on Motion for Rehearing.

Rehearing Denied Feb. 2, 1928.

**1. Bills and notes &#9096;431—Drawer of check was discharged from obligation on note, where surrender of check to drawee bank and payment thereof by draft was payment of check.**

Where maker of vendor's lien note tendered check in payment thereof to plaintiff's agent who deposited it in local bank for collection, which bank forwarded check to F. W. bank, which forwarded it to R. bank, which surrendered it to drawee bank and accepted drawee bank's draft in payment thereof, drawer of check was discharged from obligation on note though draft was not paid, since surrender of check to drawee bank and payment thereof by draft amounted to payment of check.

**2. Bills and notes &#9096;394—To hold drawer of check in payment of note, check should be presented for payment within reasonable time and notice of refusal given (Rev. St. 1925, art. 5947, §§ 185, 186).**

Where check was given in payment of a vendor's lien note, to hold drawer thereof, under Rev. St. 1925, art. 5947, §§ 185, 186, it was necessary that check be presented to drawee bank for payment within reasonable time, payment be refused, and notice of such refusal given drawer.

**3. Payment &#9096;9—"Payment" is not restricted to payment in money when applied to transaction between creditor and debtor.**

While, commercially speaking, term "payment" is restricted to payment in money, such is not necessarily the case when applied to transaction between creditor and debtor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Payment.]

**4. Payment &#9096;9—Payment in money is not necessary in transaction between creditor's agent and debtor, when agent is authorized to accept other than money.**

Rule that term "payment" is restricted to payment in money is not necessarily applicable in transaction between creditor's agent and debtor, when agent is authorized to accept other than money in settlement of demand.

---

**5. Payment ⬥⟿9—Obligation may be discharged by delivery and acceptance of equivalent to money.**

An obligation may be paid and discharged by delivery and acceptance of something equivalent to money which is regarded as such by party to whom payment is due.

**6. Banks and banking ⬥⟿171(7)—Banks accepting check for collection were not liable to payee thereof, where payment of draft received in payment of check was stopped.**

Where maker of vendor's lien note gave check to payee's agent in payment thereof, who deposited check in F. bank for collection, which bank forwarded check to F. W. bank, which forwarded check to R. bank, which surrendered check to drawee bank and accepted draft in payment thereof under rules of Federal Reserve Bank, drawer of check was not entitled to judgment against banks receiving payment where R. bank was not negligent in surrendering remittance draft, payment of which had been stopped by receiver of drawee bank.

**7. Banks and banking ⬥⟿171(7)—Bank on which draft in payment of check was drawn was not negligent in surrendering draft when payment was stopped (Rev. St. 1925, art. 5947, § 189).**

Where maker of vendor's lien note gave check to payee's agent in payment thereof which was deposited in F. bank for collection and F. bank forwarded it to F. W. bank, which forwarded it to R. bank, which surrendered it to drawee bank and accepted drawee bank's draft on F. W. bank in payment thereof, since draft on F. W. bank was not assignment, under Rev. St. 1925, art. 5947, § 189, of funds on deposit to credit of drawee bank, F. W. bank was not negligent in surrendering draft to receiver of bank on which check was drawn when payment thereof was stopped, nor could it withhold from receiver funds belonging to drawee bank for amount of check.

Appeal from Bosque County Court; B. F. Word, Judge.

Action by J. S. Odle against S. C. Barnes and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Certified questions answered 299 S. W. 635. See, also, 288 S. W. 248.

P. S. Hale and H. J. Cureton, both of Meridian, for appellant.

Paddock, Massingale & Belew, of Fort Worth, Locke, Locke, Stroud & Randolph, Chas. C. Huff, and J. P. Dreibelbis, all of Dallas, and Geo. P. & Geo. L. Robertson and Jas. M. Robertson, all of Meridian, for appellees.

GALLAGHER, C. J. Appellant, J. S. Odle, instituted this suit against appellees S. C. Barnes, the Farmers' Guaranty State Bank of Meridian, herein called Meridian Bank, the First National Bank of Fort Worth, herein called Fort Worth Bank, and the Federal Reserve Bank of Dallas, herein called the Reserve Bank, to recover the sum of $345.

Appellant alleged, in substance, that appellee Barnes was indebted to him upon a vendor's lien note, which note was in the hands of his agent, Judge Hale, for collection; that said Barnes in part payment of said note executed and delivered to his said agent his check dated November 4, 1924, on the First National Bank of Morgan, Tex., herein called Morgan Bank, for said sum of $345; that Judge Hale promptly indorsed said check and deposited the same with the Meridian Bank, and said bank credited his current account with the amount thereof; that said Meridian Bank forwarded said check for collection to its correspondent, the Fort Worth Bank, which bank in turn forwarded the same to its collecting and clearing correspondent, said Reserve Bank; that said bank forwarded the same on or about November 7, 1924, to said Morgan Bank, on which it was drawn, for payment, said bank being the only bank at that place; that the same, and all the same, was in the due and regular course of business and in the usual and ordinary way that checks were collected when deposited with local banks at Meridian, Tex.; that the same, and all the same, was without undue delay and without negligence on the part of plaintiff or his agent, Judge Hale, and so far without negligence on the part of said forwarding and collecting banks through which it passed; that said Morgan Bank marked said check, "Paid," canceled the same, and surrendered the same to appellee Barnes, and that none of the appellees have remitted to appellant or to his agent, Judge Hale, the amount of said check or returned the same; that said Morgan Bank failed and refused to pay said check, and that because of such failure appellee Barnes was liable to him for the amount thereof. He further alleged that each of the appellee banks was negligent in failing to promptly report back to him the nonpayment of said check, and that had they done so he could and would have collected the same direct from said Morgan Bank before its failure. He further alleged that if mistaken in the allegations aforesaid, and if the Morgan Bank did in fact pay said check and make remittance therefor, then that appellee banks received such remittance and failed and refused to pay the same to him or to his said agent, and that by reason of withholding such remittance all the appellees were liable to him in the amount of said check as aforesaid.

Appellee Reserve Bank alleged that it was a banking corporation, organized under an act of Congress of the United States commonly known as the Federal Reserve Act (38 Stat. 251); that by the provisions of said act the Federal Reserve Board was granted certain powers of regulation and control over it; that pursuant to the powers conferred upon said board by sections 13 and 16 of said act (12 USCA § 248, subd. [m], § 342 et seq., and

§ 360), said board had promulgated certain rules and regulations governing the operation of the check clearing and collection departments of each Federal Reserve Bank; that such regulations include one commonly known as "Regulation J, Series of 1924"; that said regulation provides, in substance, that every bank sending checks thereto for deposit or collection shall be deemed to authorize the Reserve Bank to handle the same subject to the terms and conditions of said regulation, and to warrant its own authority to give said bank such authority to so handle the same; that said regulations provide that a Federal Reserve Bank shall act only as the agent of the bank from which it receives such checks; that it may present such checks for payment or send such checks for collection directly to the bank on which they are drawn; that it may accept either cash or bank drafts in payment of or in remittance for such checks and shall not be held liable for any loss resulting from the acceptance of bank drafts in lieu of cash. A further recital of the pleadings of appellees is not necessary in view of the disposition we shall make of this case.

The case was tried to the court. The evidence introduced showed that appellee Barnes was indebted to appellant on a vendor's lien note; that he executed and delivered to Judge Hale, appellant's agent, his check for $345 in part payment of the same, and that said check was indorsed by Judge Hale and delivered to the Meridian Bank; that said bank credited his account with the amount thereof and forwarded the same to the Fort Worth Bank, which in turn forwarded the same to the Reserve Bank at Dallas, and that that bank sent the same direct to the Morgan Bank for payment and remittance, substantially as alleged by appellant; that said Reserve Bank received and handled said check under the provisions of said circular J, so pleaded by it; that such receipt and handling was according to its established custom, and that such custom was known to and acquiesced in by both the Fort Worth Bank and the Meridian Bank. The evidence further showed that the Fort Worth Bank transmitted to the Reserve Bank its cash letter, listing checks for credit to its account amounting in the aggregate to more than $4,000; that among the checks so listed were certain checks on the Morgan Bank which amounted in the aggregate to over $800, and among which checks the one in question was included; that the Reserve Bank thereupon transmitted direct to the Morgan Bank its cash letter, listing checks upon said bank for payment, amounting in the aggregate to $1,925.-62, in which list said check was included; that on November 10th the Morgan Bank forwarded to the Reserve Bank its draft drawn on the Fort Worth Bank in favor of said Reserve Bank for the sum of $1,850.77 in payment of said list of checks, checks to the amount of $74.85 included in said list being rejected for insufficient funds or other reasons; that the Reserve Bank forwarded said draft to the Fort Worth Bank for payment, and that before it was paid a national bank examiner took charge of the Morgan Bank and stopped the payment of said draft; that said Morgan Bank was insolvent and never resumed business; that the Reserve Bank proved said unpaid draft as a claim against said bank and that 50 per cent. thereof was paid as dividends on such claim by the receiver who administered the assets of said insolvent bank. The evidence further showed that the amount so received on said claim was forwarded through the respective banks, credited to Judge Hale's account, and turned over to appellant apparently without prejudict. Notice of the nonpayment of said draft was transmitted by the Reserve Bank through the Fort Worth Bank and the Meridian Bank to Judge Hale, appellant's agent, in due course of mail. The amount of said check was subsequently by said Reserve Bank charged back against the Fort Worth Bank, and by it against the Meridian Bank, and by it against Judge Hale's account. Appellee Barnes had at the time he drew said check, and at the time the same was presented to the Morgan Bank for payment, funds to his credit therein sufficient to pay the same, and said check was promptly charged to his account by said Morgan Bank and surrendered to him prior to the closing of the same. It was never returned to appellant. The court rendered a general judgment for all the defendants. The court at request of appellant filed findings of fact which are incorporated in the transcript. A regular statement of facts, duly approved, was also filed.

### Opinion.

[1, 2] Appellant, by the first three propositions presented by him as grounds for reversal, contends that the court erred in holding that the evidence showed that the Barnes check had been paid by the Morgan Bank and in rendering judgment against him in favor of said Barnes. The trial court found as a fact that said check was accepted by Judge Hale, appellant's agent, as payment of the vendor's lien note held by appellant against appellee Barnes to the amount of such check. Appellant assails this finding on the ground that the same is without support in the evidence. The original vendor's lien note was neither declared on in appellant's pleadings nor offered in evidence on the trial of the case. The taking of said check by appellant's agent and the surrender of the note amounted, at least, to a conditional acceptance of said check, or an acceptance of the same subject to payment. If such payment was in fact made, the acceptance of the check became absolute and discharged the original obligation. Johnson v. Amarillo Improvement Co., 88

Tex. 505, 510, 31 S. W. 503; Middlekauff v. State Banking Board, 111 Tex. 561, 242 S. W. 442, 443; Waggoner Bank & Trust Co. v. Gamer Co. (Tex. Sup.) 213 S. W. 927, 928, 929, 6 A. L. R. 613. Said check was declared by statute to be a bill of exchange payable on demand, and in order to hold Barnes, the drawer thereof, it was necessary that the same be presented to the Morgan Bank for payment within a reasonable time, payment refused, and notice of such refusal given him. R. S. 1925, art. 5947, §§ 185 and 186. Appellant concedes that it was customary in such cases for one bank holding a check on another bank for collection to send such check direct to said bank for payment, and to accept the draft of such bank as a remittance therefor, and that the Reserve Bank was not negligent in doing so in this case. Appellant does contend, however, that such proceeding did not constitute payment by the Morgan Bank of Barnes' check because payment of the draft so issued was stopped. By the express terms of said circular J the Reserve Bank was authorized to accept drafts in payment of checks presented to said Morgan Bank for payment. The custom proved was based on said circular and conformed thereto. Mr. Ringer, who was cashier of the Morgan Bank at the time, testified without objection that said check was paid by the issuance and forwarding of said draft to the Reserve Bank at Dallas. The Reserve Bank evidently so regarded the transaction. The trial court found as a fact that it was the universal custom among banks to accept remittance drafts in payment of cash letters listing checks for collection, and further found that as between appellant and appellee Barnes said check had been paid. The statute required appellant to cause said check to be presented to the Morgan Bank for payment within a reasonable time, and further provided that the drawer should be discharged from liability to the extent of any loss caused by delay. R. S. 1925, art. 5947, § 186. There is no contention that said check would not have been paid in cash if such payment had been demanded. Any loss sustained must be held to have resulted from the delay incident to accepting a draft on the Fort Worth Bank instead of cash.

[3-5] While, commercially speaking, the term "payment" relates to and is restricted to a payment in money, such is not necessarily the case when applied to a transaction between a creditor and his debtor. Neither is such necessarily the case in a transaction between a creditor's agent and his debtor, when such agent is duly authorized to accept other than money in settlement of his principal's demand. An obligation may be paid and discharged by the delivery and acceptance of something equivalent to money which is regarded as such by the party to whom the payment is due. State v. Tyler County State

Bank (Tex. Com. App.) 277 S. W. 625, 627, 42 A. L. R. 1347, and authorities there cited. We think the trial court correctly held that the surrender of said check to the Morgan Bank and the acceptance by the Reserve Bank of its draft therefor constituted, as between appellant and Barnes, the payment of said check by said Morgan Bank. Were we to concede that appellant is correct in contending that said transaction did not constitute a payment of said check by the Morgan Bank, we think it must be held to have constituted in effect an acceptance of said check by said bank with a promise of payment when said draft was presented to its correspondent in Fort Worth, with which it had funds on deposit. The statute expressly provides that if the holder of a check procures it to be accepted or certified, the drawer and all indorsers are discharged from liability thereon. R. S. 1925, art. 5947, § 188. If such transaction constituted a payment of said check, appellee Barnes was entitled to the possession thereof. If such transaction did not constitute a payment of said check and did not otherwise effect the discharge of said Barnes from liability, the physical possession of said check was not essential to enable appellant to sue thereon. Waggoner Bank & Trust Co. v. Gamer Co., supra, page 929, par. 5; Western Brass Mfg. Co. v. Maverick, 4 Tex. Civ. App. 535, 23 S. W. 728. The action of the trial court in rendering judgment in favor of appellee Barnes was proper.

[6]. Appellant contends by the fourth proposition presented by him as ground for reversal of the judgment appealed from that, in event it is held that the Morgan Bank paid said check, he is entitled to judgment against the bank or banks receiving such payment. The evidence showed without contradiction that said check was paid by a draft drawn by the Morgan Bank on the Fort Worth Bank in favor of the Reserve Bank for the sum of $1,850.77, which amount included payment for various other checks besides the Barnes check; that payment of said draft was stopped; that the Reserve Bank proved the same as a claim against the Morgan Bank in the receivership proceedings thereon; that the entire dividends received by said Reserve Bank on said claim so proved amounted to only 50 per cent. of the face thereof; that appellant's pro rata part of such dividends was promptly returned to him through the Fort Worth and Meridian Banks, respectively. Appellant concedes that the Reserve Bank was; so far as he was concerned, authorized to accept said draft in return for the Barnes check and other checks surrendered to the Morgan Bank therefor. No other or further sum was ever received on account of said check or draft by said Reserve Bank or by any of the other banks involved. The contention presented by appellant in said proposition is overruled.

[7] Appellant contends by the fifth and last proposition presented by him as ground for reversal that the Fort Worth Bank, while acting as agent for him, was guilty of negligence in surrendering the remittance draft drawn on it by the Morgan Bank, and surrendering to the receiver of said bank the funds it held on deposit without paying his said check or procuring the return of the same. The situation upon which this contention is based is not alleged in appellant's petition. Neither is there any allegation therein of the existence of any such duty on the part of the Fort Worth Bank or of its negligence in failing to perform the same. The only theory of recovery presented by said petition in event it was held that the transaction between the Reserve Bank and the Morgan Bank constituted a payment of the Barnes check was that all of said several banks had received such payment and were liable to him therefor. Regardless of the pleadings, however, we do not think the evidence adduced showed any such duty or liability to appellant for failure to perform the same. Appellant insists that this case was tried upon the theory that the Meridian Bank took said check for collection in behalf of plaintiff through his agent, Judge Hale, and that each successive bank through which said check passed became in turn his agent for the collection of the same and the return of the proceeds to him, according to the rule laid down by our Supreme Court in Tillman County Bank v. Behringer, 113 Tex. 415, 423, 257 S. W. 206, 36 A. L. R. 1302. Such theory being the most favorable to appellant, we may for the purpose of the disposition of this case assume that appellant's contention is correct and dismiss the contention of the Fort Worth Bank and the Reserve Bank, respectively, that the facts in evidence showed a purchase of said draft from Judge Hale by the Meridian Bank, and not the taking of the same for collection. The evidence disclosed that the Fort Worth Bank transmitted the Barnes check to the Reserve Bank for credit to its account, together with other checks amounting in the aggregate to more than $4,000; that of the checks so transmitted those drawn on the Morgan bank amounted only to about $800; that the Reserve Bank transmitted direct to the Morgan bank for payment and remittance checks amounting in the aggregate to more than $1,900, among which checks was included said Barnes check; that the Morgan bank in payment of said checks returned its draft on the Fort Worth Bank, payable to the Reserve Bank, for $1,850.77; and that this draft was forwarded to the Fort Worth Bank for payment. The Barnes check was therefore a mere incident in said series of transactions. The evidence discloses with reasonable certainty that said draft was received by the Fort Worth Bank after the order from the bank examiner stopping payment thereon. There is no evidence that the Fort Worth Bank was advised at the time it received or returned said draft that the same represented in part the proceeds of the Barnes check. Said draft did not of itself operate as an assignment of any part of the funds on deposit to the credit of the Morgan Bank in the Fort Worth Bank at the time. R. S. 1925, art. 5947, § 189. There being no assignment of the funds, the order of payment evidenced by said draft was revocable at the pleasure of the Morgan Bank, the drawer thereof. Hall v. First National Bank (Tex. Civ. App.) 252 S. W. 828, 831. The Fort Worth Bank would have rendered itself liable to the Morgan Bank or its subsequent receiver if it had paid said draft after payment thereof had been ordered stopped. Hewitt v. First Nat. Bank of San Angelo, 113 Tex. 100, 252 S. W. 161–163. We do not think that the Fort Worth Bank was authorized under these circumstances to pay the draft, nor that it violated any duty it owed to appellant in refusing to do so. Neither do we think that the Fort Worth Bank was authorized to withhold from the receiver out of the funds in its hands belonging to the Morgan Bank the amount of said Barnes check. At that time it knew that the amount of the Barnes check was included in said draft, which was a valid outstanding obligation against the Morgan Bank in the hands of the Reserve Bank. It necessarily follows that it did not violate any duty it owed to appellant in refusing to turn over said funds to the receiver. The Barnes check having been paid, appellant was not entitled to the surrender thereof.

The judgment of the trial court is affirmed.