J. S. Odle v. S. C. Barnes et al.

No. 4863.   Decided November 23, 1927.
(299 S. W., 635).

*P. S. Hale* and *H. J. Cureton,* for appellant.

The mere fact that the Morgan bank, upon receipt of the check, marked it "paid," charged S. C. Barnes' account with it, and surrendered the canceled check to him, would not operate as payment within itself, the undisputed testimony showing that while the bank issued exchange in payment of the check, it stopped the payment before collection could be made on it.   Waggoner Bank & Trust Co. v. Gamer Co., 113 Texas, 5, 213 S. W., 927; Rodgers v. Farmers' Bank of Nolanville, 264 S. W., 491; Western Brass Mfg. Co. v. Maverick, 23 S. W., 728; Heid Bros. v. Bank, 240 S. W., 908, 24 A. L. R., 904; Bank v. Armstrong, 148 U. S., 50, 13 Sup. Ct., 533, 37 L. Ed., 363.   Each bank in the chain of collection is agent of the owner of the check.   Tillman Co. Bank v. Behringer, 113 Texas, 415, 257 S. W., 206; Garver v. Howard, 113 Texas, 371, 257 S. W., 209.   Where the general custom is to handle checks a certain way or an agreement of limitation is shown, such custom or

agreement will be given effect. Shreveport Bank v. City Natl. Bank, 166 S. W., 689; Morse on Banks and Banking.

In the event that the court should hold that the check was paid by said Morgan bank, then in that event, it was paid to plaintiff's agent banks which handled the collection for plaintiff, and plaintiff is entitled to judgment against such bank or banks receiving payment.

The Fort Worth bank, while acting as agent for plaintiff, surrendered plaintiff's check to the Morgan bank in exchange for said bank's remittance draft drawn upon funds it had on deposit with the Fort Worth bank; said Fort Worth bank was guilty of negligence in surrendering said remittance draft, together with the funds on deposit with it to the receiver of the Morgan bank, without paying plaintiff's check or procuring a return of the same. Waggoner Bank & Trust Co. v. Gamer Co., 113 Texas, 5, 213 S. W., 927; Middlekauff v. State Banking Board, 242 S. W., 442; State v. Tyler State Bank, 277 S. W., 625; Mercantile Bank & Trust Co. v. Shubert, 277 S. W., 621; Moore on Banks and Banking, pars. 397-398; Tillman County Bank v. Behringer, 113 Texas, 415, 257 S. W., 206; Garver v. Howard, 113 Texas, 371, 257 S. W., 209.

*Oscar E. Monnig* and *Paddock, Massengill & Belew,* for appellee, First National Bank of Fort Worth.

When the plaintiff's agent, P. S. Hale, deposited the check in the Meridian Bank, it was negotiated and sold to that bank, which became the purchaser and owner of it, no agreement to the contrary having been shown; and therefore plaintiff's rights, if any, are against the Meridian Bank, the duties of all the defendants, if any, being to the Meridian Bank. Cook & Arrington v. Citizens State Bank of Marlin, 282 S. W., 888; Provident National Bank of Waco v. Cairo Flour Co., 226 S. W., 499; Chrisman v. Lumberman's National Bank, 162 S. W., 651; Burton v. United States, 25 Sup. Ct., 243, 196 U. S., 283, 49 L. Ed., 482; City of Douglas v. Federal Reserve Bank of Dallas, 271 U. S., 489, 70 L. Ed. 1051; 7 C. J., p. 635, Sec. 314; Morse on Banks and Banking (5th Ed.), Sec. 573, *et seq.*

The defendant banks were authorized by plaintiff to accept a bank draft in payment of the check, and if they received any payment it was by way of such a bank draft, so that plaintiff's only remedy is on the draft thus received, i. e., plaintiff is entitled to all dividends on the draft which may be paid by the receiver of the Morgan Bank, and nothing more. First Natl. Bank of Shreveport v. City Natl.

Bank, 106 Texas, 297, 166 S. W., 689; Morse on Banks and Banking, Secs. 269, 270.

The bank draft issued by the Morgan Bank was not irrevocable, but was legally and effectually countermanded by the bank examiner stopping payment thereon. Hall v. First Natl. Bank of Jacksonville, 252 S. W., 828; Hewitt v. First Natl. Bank of San Angelo, 252 S. W., 161; Joyce's Defenses to Commercial Paper, Sec. 845.

The only duty of the defendant, First National Bank, which is in dispute, was its duty to return the check or remit the proceeds thereof, and its right and duty to refuse payment on the Morgan draft was superior to its duty to pay the draft, the result being that it never received any proceeds from the check except the bank draft; and the defendant First National Bank fulfilled its entire duty with regard to the bank draft by having a claim filed on it with the receiver and remitting all proceeds received therefrom to the Meridian bank. Art. 5940-127, Art. 5947-185, and Art. 5947-189, Rev. Stats. of Texas, 1925; Joyce's Defenses to Commercial Paper, Sec. 1127; Hatley v. West Texas Natl. Bank of Big Spring, 272 S. W., 571; Central Texas Ex. Natl. Bank of Waco v. First Natl. Bank of Waco, 243 S. W., 998.

Mr. Judge SPEER delivered the opinion of the Commission of Appeals, Section B.

The certificate of the Chief Justice of the Court of Civil Appeals for the Tenth District, by which we acquire jurisdiction of this case, is as follows:

"Appellant J. S. Odle instituted this suit against appellees S. C. Barnes, Farmers Guaranty State Bank of Meridian, hereinafter called Meridian bank; the First National Bank of Fort Worth, herein called Fort Worth bank, and the Federal Reserve Bank of Dallas, herein called Reserve bank, to recover the sum of $345.00. The case was tried in the County Court of Bosque County and judgment rendered for all the defendants. J. S. Odle perfected an appeal to this court, and upon hearing of said appeal the judgment of the County Court was affirmed. The case is before us on appellant's motion for rehearing. A brief statement of the pleadings and the findings of fact by this court are set out in the opinion of this court, a certified copy of which will accompany this certificate and shall be considered as incorporated herein for all proper purposes. [For this opinion and facts referred to see Odle v. Barnes, 2 S. W., 2d Series, 577. Reporter.]

"Appellant in his motion for rehearing concedes that the draft drawn by the Morgan bank upon the Fort Worth bank in favor of the Reserve bank for $1,850.77 in payment of checks presented to the Morgan bank for payment by said Reserve bank, among which was included the Barnes check upon which this suit is based, did not in itself constitute an assignment of any of the funds on deposit in said Fort Worth bank, but he contends that the drawing of said draft, under the facts of this case, constituted as between the Morgan bank, the bank examiner and the receiver of said bank on one hand, and appellant and the banks acting as his agents in the collection of said Barnes check on the other hand, an equitable assignment of sufficient of the funds on deposit in the Fort Worth bank to the credit of the Morgan bank to discharge the same, or at least that the same constituted an equitable assignment of sufficient of said funds to pay the amount due him as proceeds of the collection of said Barnes check. He further contends that by virtue of such equitable assignment he became the owner of a sufficient amount of the funds on deposit in the Fort Worth bank to the credit of the Morgan bank to pay him the amount of said check, to-wit, $345.00. He further contends that it became the duty of the Fort Worth bank to remit said amount to him as proceeds of the collection of his said check. His said contentions are more fully set out in his motion for rehearing, which is ordered transmitted herewith and made a part hereof. The transcript and statement of facts in this case are also transmitted herewith for such use as your Honorable Court may see fit to make of the same. Since it is not clear that appellant can secure a review of our action on his motion by application for writ of error, we deem it expedient to certify to your Honorable Court for determination the issues of law so presented, as follows:

## "First Question.

"Did the act of the Morgan bank in drawing its draft on the Fort Worth bank in favor of the Reserve bank, constitute, under the facts of this case, an equitable assignment of sufficient of the funds to its credit in the hands of said Fort Worth bank to pay the same or to pay the amount due appellant as the proceeds of the collection of the Barnes check, which proceeds were included in said draft?

## "Second Question.

"Was it the legal duty of the Fort Worth bank, under the facts in this case, to hold in its hands a sufficient amount of the funds on

deposit with it to the credit of the Morgan bank to pay the amount due appellant as the proceeds of the collection of said check, and to remit the same to him as such?

## "Third Question.

"Should appellant have had judgment against the Fort Worth bank in the trial court under his pleadings and the evidence adduced for the amount of said check, less such dividends as had been remitted and paid to him by appellees on account of such collection?"

It is conceded by all parties, as indeed it must be, that the drawing of its draft by the Morgan bank on the Fort Worth bank in favor of the Federal Reserve Bank did not of itself constitute an assignment of any portion of the funds of the Morgan bank on deposit in the Fort Worth Bank. The contention of appellant is that under the circumstances surrounding this transaction the drawing of such draft constituted an equitable assignment of such funds in the Fort Worth bank, at least to the extent of the balance due after deducting the payments received from the defunct bank.

There is nothing shown in the certificate that would take this case out of the ordinary transaction to constitute the draft an equitable assignment of any portion of the Morgan bank deposit with the Fort Worth bank. Indeed, the opinion rendered by the Court of Civil Appeals, which is made a part of the certificate, contains this language:

"The evidence discloses with reasonable certainty that said draft. was received by the Fort Worth bank after the order from the bank examiner stopping payment thereon. There is no evidence that the Fort Worth bank was advised at the time it received or returned said draft that the same represented in part the proceeds of the Barnes check."

The first fact thus found by the Court of Civil Appeals discloses a situation that negatives any inference of actual payment by it of the Morgan bank draft, and likewise negatives any right, much less duty, to pay the draft, since at the time of its receipt the order for payment had been countermanded. by the agent in charge of the Morgan bank. Payment by it after such payment had been stopped would have been a breach of duty by it, and the circumstances therefore did not justify the holding that in equity there had been a payment. But the contention of appellant is not technically a notional payment, but rather that he should be protected upon the theory of equitable assignment. Whether or not there was an assignment pro

tanto of the funds would depend upon the transaction between appellant and the Morgan bank in drawing its draft, and not upon anything the Fort Worth bank did or did not do. The assignment, if any was effected in law or equity, was the act of the Morgan bank. There is nothing in the record to show that there was anything out of the ordinary in the drawing of this draft against funds on deposit in the Fort Worth bank. There is nothing to indicate any intention whatever on the part of the Morgan bank that there should be such an assignment. It does not appear to have covered a specific deposit (as in Hatley v. West Texas Natl. Bank, 248 S. W., 540), or all of the general deposit, nor is there any other circumstance to take it out of the ordinary transaction, and to save the case from the statute (Art. 5947, Sec. 189), to the effect that a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank.

Appellant stresses the incongruity, as well as the hardship, of holding that Barnes' check upon the Morgan bank given in payment of his vendor's lien note held by appellant, was paid, and yet, that he, appellant, is held to have no dominant right in the proceeds of such payment. But this consideration can have no influence upon our answer to the questions certified. Nothing is before us except the questions of law thus propounded, and we of course indicate no opinion upon the question of payment by Barnes or any other question than the ones here specifically answered.

Our conclusions are not influenced in anywise by a consideration of the opposing rules of agency for collection of checks and drafts, illustrated on the one hand by Tillman County Bank v. Behringer, 113 Texas, 415, 257 S. W., 206, 36 A. L. R., 1302, and on the other hand by Douglas v. Federal Reserve Bank of Dallas, 271 U. S., 489, 70 L. Ed., 1051. Whether each succeeding collecting bank is to be treated as the agent of the payee or as the agent only of its immediate forwarder, the result would be the same in either instance in this case.

From what we have said it follows that each of the questions propounded should be answered in the negative, and we accordingly so recommend.

The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

*Thos. B. Greenwood,* Associate Justice.
*Wm. Pierson,* Associate Justice.

Chief Justice C. M. Cureton not sitting.