### ROBINSON v. INLAND REFINING CO.
### No. 12472.

Court of Civil Appeals of Texas. Galveston.

Nov. 6, 1952.

Rehearing Denied Dec. 4, 1952.

Lawrence & Lawrence and Francis Lee Lawrence, of Tyler, for appellant.

Ed Roy Simmons, of Corsicanna, for appellee.

MONTEITH, Chief Justice.

This suit was brought by appellee, Inland Refining Company, in the District Court of Anderson County, Texas, for recovery from Howard W. Robinson and Tyler State Bank & Trust Company and Royall National Bank of Palestine, of the sum of $3,368.64, the amount due on six drafts or bills of exchange. Howard W. Robinson and Tyler State Bank & Trust Company filed pleas of privilege to be sued in Smith County, the county of their residence. The pleas of privilege were tried and overruled. Both Tyler State Bank & Trust Company and Royall National Bank of Palestine were dismissed as parties to the suit during the trial of the case. The suit was tried on its merits before the court without a jury, and judgment was rendered against this appellant, and in favor of appellee.

Appellant relies, in the appeal, on three points of assigned error. Under his first two points, he relies on the fact that the trial court erred in overruling pleas of privilege, for the reason that appellee had failed to allege or prove a cause of action against the resident defendant, Royall National Bank of Palestine, which was a necessary venue fact to sustain venue of the suit in Anderson County under Subdivision 4 of the Venue Act, V.A.T.S., Art. 1995. Appellant contends that the trial court erred in rendering judgment against him since appellee had sued appellant upon drafts, and that it had failed to prove that appellant accepted the drafts, which was necessary to render appellant liable.

It is undisputed in the record that appellant Howard W. Robinson, and Tyler State Bank & Trust Company were residents of Smith County, Texas.

In the case of Sanford v. Burrus Feed Mills, Tex.Civ.App., 179 S.W.2d 428, it was held that where venue is based upon Subdivision 4 of Art. 1995, V.A.T.S., the plaintiff must allege a joint action against the resident defendant and the nonresident defendant, or a cause of action against the resident defendant so intimately connected with the cause of action against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of lawsuits and prove a cause of action against the resident defendant. Citing Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Hurley v. Reynolds, Tex.Civ.App., 157 S.W.2d 1018; Griggs Canning Co. v. Josey, Tex.Civ.App., 165 S.W.2d 201.

In 43 Tex.Jur., page 753, it is said that, "For a case to come within subdivision 4 of R.S. art. 1995 (see para. 34), it is in

general necessary that the cause of action against all the defendants be the same; the cause of action must be a joint one or, at least, the cause against the resident defendant must grow out of the same transaction and be so intimately connected with the cause against the nonresident defendant that the two should be joined under the rule intended to avoid a multiplicity of suits. * * *" and "there is an improper joinder where the cause against the resident is separate and distinct from that against the other defendants." Citing authorities.

Appellant's contention is that appellee failed to allege a cause of action against the resident defendant. Royall National Bank.

Under the rule announced in the Sanford v. Burrus Feed Mills case, supra, it was held to be necessary for appellee to show that it had alleged a joint cause of action against the resident and nonresident defendant. Appellee alleged in its pleading that the Royall National Bank owed the plaintiff a duty to handle the drafts sued on promptly but that contrary to their duty, they had failed to promptly return the drafts; that if the Royall National Bank had promptly handled the drafts in due course of business, appellee would have been in a position to protect itself and would have refused to sell petroleum products to the appellant, and would have then been in position to proceed vigorously to attempt to collect the amount of the first drafts which were returned unpaid. Appellee alleged in its pleadings it would have been in position to collect the amount of the first draft or drafts. Appellee further alleges that the Royall National Bank received the drafts to be collected in Tyler and forwarded them to the Tyler State Bank & Trust Company and that appellee instructed Royall National Bank to transmit them immediately to the Tyler State Bank & Trust Company at Tyler, Texas, for presentation to Howard W. Robinson, in due course of business, and that they were to be returned to the said Royall National Bank if they were not paid. Appellee does not allege that the Royall National Bank failed to forward the drafts from the bank to the Tyler State Bank & Trust Company. Appellee alleges that the bank failed to return said drafts.

In the case of Tillman County Bank v. Behringer, 113 Tex. 415, 257 S.W. 206, 207, 36 A.L.R. 1302, in which the facts are similar to those in the instant case, the Supreme Court of this State held that, "when a bank receives negotiable paper to be collected at a distant point, and transmits the same with due diligence and care to a reputable and proper correspondent at or near the place where the collection is to be made, it has discharged its duty, and is not responsible for the negligence of such correspondent, but that such correspondent becomes the agent of the owner of the paper." See Dorchester & Milton Bank v. New England Bank, 1 Cush., Mass., 177.

In the instant case, appellee alleged that the Royall National Bank did not select the Tyler State Bank & Trust Company as its correspondent, but that it acted under instructions from appellee to forward the drafts to the Tyler State Bank, and that since the Tyler State Bank & Trust Company was appellee's agent, its negligence—if any—could not be imputed to the Royall National Bank of Palestine. Under these facts, appellee's petition on its face fails to allege a cause of action against the resident defendant, the Royall National Bank of Palestine.

In the trial of this case on its merits, the proof showed that, contrary to appellee's petition, appellee sold petroleum products to appellant Howard W. Robinson after being informed of the nonpayment of the drafts in question. Appellant contends that, under the record, the Royall National Bank of Palestine was joined as a resident defendant merely to sustain venue in Anderson County, and that it was not a proper party to this suit.

Under its second point of error, appellant contends that the trial court erred in overruling his plea of privilege in that appellant was improperly joined with the Tyler State Bank & Trust Company and the Royall National Bank of Palestine in this cause

of action, since it was a necessary venue fact that plaintiff must first allege a joint cause of action against the resident defendant and the nonresident defendant, for the alleged reason that the cause against the resident defendant must grow out of the same transaction and be so intimately connected with the cause of action against the nonresident defendant that the two should be joined under the rule intended to avoid a multiplicity of suits.

Under its third point of error, appellant Howard W. Robinson contends that the trial court erred in rendering judgment against him for the reason that appellee sued him upon the drafts and thereafter had failed to prove that appellant had accepted the drafts, which acceptance is necessary to render appellant liable.

The drafts in question were drawn upon the appellant for petroleum products and there was no evidence that the drafts were accepted by the appellant although judgment was rendered for appellee, and against the appellant for $3,368.64.

In 8 Amer.Jur., Sec. 871, it is said, "Acceptance, generally speaking, is necessary to render a drawee liable upon a bill of exchange. The rule laid down by the Uniform Act and supported generally by the decided cases is that the drawee of a bill of exchange is not liable on the bill unless and until he accepts the same."

The record shows that appellant Howard W. Robinson was a drawee and that the drafts were drawn by an officer of the Inland Refining Company. There is no evidence in the statement of facts reflecting that there was an acceptance of these drafts.

Since the facts as between appellant and appellee are without dispute and were fully developed in the hearing on the question on plea of privilege, the court erred, we think, in overruling the plea, which should have been sustained.

Wherefore, the judgment of the trial court will be reversed and the cause remanded with instructions to the court below to sustain the plea of privilege filed therein by Howard W. Robinson and to transfer the venue of the cause as to him to the District Court of Smith County, Texas.

Reversed and remanded with instructions.